UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BENNY WATSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1336** |
| **SUSAN LEE, SUSELLEN PENURE** | **SECTION "F"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2) and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court determined that this matter can be disposed of without an Evidentiary Hearing.

**I.    Factual Summary**

The plaintiff, Benny Watson ("Watson"), was an inmate housed in the Jefferson Parish Correctional Center ("JPCC") at the time of the filing of this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983. Watson filed this suit against Susan Lee and Deputy Chief Sue Ellen Penouilh (incorrectly identified as "Susellen Penure") seeking damages for his alleged pain, suffering, mental anguish, and emotional distress arising from his claims of denial of adequate medical care and cruel and unusual punishment.

Watson alleges that, on or about February 15, 2008, he filed a grievance to Deputy Chief Penouilh complaining that he was in need of medical care. He claims to have been suffering with excruciating pain in his feet which caused him difficulty in walking. Watson further alleges that he was later called to the medical area of the jail and examined by Susan Lee.

Under a broad reading, Watson seems to allege that Lee told him that he could not receive treatment without paying $500, which was his legally required share of the charges. He claims that the government was supposed to pay this money. As a result, he filed this suit seeking review of the decision to charge him for the needed medical care.

## II.   Procedural Background

On May 7, 2008, the undersigned Magistrate Judge issued an Order scheduling a hearing pursuant to *Spears v. McCotter*,[1] for August 21, 2008.[2] The Order was mailed by the Clerk of Court to the plaintiff at the JPCC. The envelope was returned marked "R/O Unable to Forward," indicating that Watson had rolled out of the facility.[3]

On July 31, 2008, the Court confirmed that Watson had been released from prison.[4] The Court issued an order re-noticing the *Spears* Hearing that was set for August 21, 2008, and directing Watson to provide the Court with a telephone number where he could be reached.[5]

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain the prisoner's allegations and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Rec. Doc. No. 8.

[3] Rec. Doc. No. 17. Several of the Court's other orders were also returned for the same reason. *See* Rec. Doc. Nos. 13, 16.

[4] Rec. Doc. No. 19.

[5] *Id.*

The Order was mailed to Watson at his last known civilian address in Kenner, Louisiana, which was obtained from the prison.[6] The envelope containing the order was returned to the Court marked "Return to Sender - Not Deliverable as Addressed" and "Unable to Forward."[7]

The plaintiff has not responded to the Court's prior order or provided the Court with a current address or telephone number. Watson has not otherwise contacted the Court regarding his case since it was filed.

### III.   Analysis

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. FED. R. CIV. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976). In this case, the plaintiff is without counsel and is responsible for the prosecution of his case.

The record shows that the Court's orders setting the *Spears* Hearing were returned as undeliverable because Watson failed to provide the Court with a proper address when he was released from prison. Watson was made aware of his obligation to keep the Court informed of his whereabouts as reflected on page six of his Complaint, where he signed the Plaintiff's Declaration

---

[6]*Id.*

[7]Rec. Doc. No. 20.

on March 10, 2008. The Local Rules of this Court also require that a plaintiff provide the Court with a current address or face dismissal of the case when a notice is returned to the court. L.R. 41.3.1E.

Contrary to these mandates, Watson has not notified the Court of a change of address or any other means of contacting him. In fact, the record demonstrates that Watson has never provided notice to the Court of his discharge from jail. The change of address information was obtained by the Court from prison officials after Watson's mail was returned to the Court. Accordingly, dismissal of Watson's complaint is proper under Rule 41(b) and the rules of this Court for his failure to prosecute this case.

**IV.     Defendants' Motion to Dismiss**

On June 20, 2008, the defendant, Susan Lee, filed a Motion to Dismiss (Rec. Doc. No. 14) pursuant to Fed. R. Civ. P. 12(b)(6) alleging that: (1) Watson's claims are frivolous; (2) he has failed to state a claim for which relief can be granted; (3) he has failed to exhaust administrative remedies; (4) he has failed to comply with the Louisiana Medical Malpractice Act; and (5) Lee is entitled to qualified immunity. In light of the Court's decision to recommend dismissal of this matter for failure to prosecute, the defendants' motion should be dismissed as moot.

**V.     Recommendation**

It is therefore **RECOMMENDED** that Lee's **Motion to Dismiss (Rec. Doc. No. 14)** be **DISMISSED as moot**.

It is further **RECOMMENDED** that Watson's complaint brought pursuant to Title 42 U.S.C. § 1983 against the defendants, Susan Lee and Deputy Chief Sue Ellen Penouilh, be **DISMISSED WITH PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 3rd day of October, 2008.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**